CHARLES H. SHERWOOD *vs.* N. Y., N. H. & H. R. R. Co.

MAY 4, 1908.

PRESENT: Douglas, C. J., Dubois, Blodgett, Johnson, and Parkhurst, JJ.

(1)    *Claim against Railroad.    Counsel Fees.    Notice.    Tender.*

Gen. Laws cap. 187, § 34, provides that if any person having a claim against any railroad corporation shall give notice in manner provided, and the corporation neglect or refuse to pay the same, "then the complainant, if he recover more than the amount, if any, tendered by said corporation, shall also recover reasonable compensation for the services of his counsel; and if a less amount shall be recovered, then a reasonable allowance shall be made by the court for the services of the counsel of the corporation, to be taxed in addition to and to be allowed with the defendant's costs":—

*Held,* that the statute contemplated a legal tender or its equivalent on the part of defendant in order to furnish a defence to plaintiff's claim for counsel fees.    A mere proposition to pay a certain amount in settlement is not sufficient.

*Held,* further, that, after the formal notice of claim had been given to defendant, if a tender had been previously made, a new tender should be made or at least notice given that the tender is continued.

TRESPASS ON THE CASE for negligence.  Heard on exceptions of defendant, and overruled.

PER CURIAM.  We think that § 34, cap. 187, Gen. Laws, contemplates a legal tender or its equivalent on the part of the defendant corporation in order to furnish a defence to the plaintiff's claim for counsel fees.  A mere proposition to pay a certain amount in settlement is not sufficient.  The statute clearly implies that the act of the defendant shall be one which will entitle it to costs if the verdict is not for a greater sum than is tendered, for in such case the sum allowed for defendant's counsel fees is to be "added to the defendant's costs."

Furthermore, the proceedings under this provision of the statute are solely for the purpose of affecting the question of the allowance of counsel fees, and we think should be strictly pursued; hence, after the formal notice of claim is given to the defendant, if a tender has been previously made, a new tender should be made, or at least notice should be given that the tender is continued.

The defendant's exception is overruled, and the cause is remitted to the Superior Court for judgment on the verdict and costs for the plaintiff, including the counsel fee as fixed by the Superior Court.

*James C. Collins, Jr.,* for plaintiff.
*Joseph C. Sweeney,* for defendant.